BLD-123                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1509
_____

IN RE: IDOWU RAJI,
                                          Petitioner
_____

On a Petition for Writ of Mandamus to the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:25-cv-02208)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 30, 2026
Before: KRAUSE, MATEY, and BOVE, *Circuit Judges*

(Opinion filed June 24, 2026)
_____

OPINION[*]
_____

PER CURIAM

Idowu Raji filed a pro se petition for a writ of mandamus asking us to direct the

District Court to rule on his habeas corpus petition. After Raji filed the mandamus

petition, the District Court entered an order dismissing the habeas corpus petition. In light

of the District Court's order dismissing Raji's habeas corpus petition, this mandamus

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

petition no longer presents a live controversy. Therefore, we will dismiss it as moot. *See*

*Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996) ("If

developments occur during the course of adjudication that eliminate a plaintiff's personal

stake in the outcome of a suit or prevent a court from being able to grant the requested

relief, the case must be dismissed as moot.").